1. The petition in all its counts sets out one cause of action, in that it sets out the breach of one contract, the counts differing in the allegations as to the way and manner in which the plaintiff was injured by the breach, and the measure of damages therefor. The petition was good as against general demurrer.
2. The petition, consisting of five counts, is not subject to the objection that it seeks a recovery beyond $2500, the limit of the amount of recovery in the civil court of Fulton County.
3. The court erred in overruling the special demurrers which went to the measure of damages in each count except count three. The court did not err in overruling the other special demurrers.
 DECIDED DECEMBER 4, 1943. REHEARING DENIED DECEMBER 17, 1943.
Mrs. Anne Williams Loveless instituted suit in the civil court of Fulton County against Moncrief Furnace Company to recover damages she sustained as the result of an alleged breach of contract under which the defendant had furnished and installed a heater or furnace in the plaintiff's residence. The suit was brought in *Page 371 
five counts. Each count sought recovery for a breach of the same contract, the counts differing only in the measure of damages. In each count, as amended, it was alleged that the plaintiff's house was being satisfactorily heated by a new gas furnace of the value of $175, but as this method of heating was expensive, the plaintiff became desirous of purchasing and installing a coal-burning furnace which would be less expensive to operate than the gas furnace, and so informed the defendant; that at the plaintiff's invitation, on December 20, 1940, George R. Cary, acting for the defendant, inspected the plaintiff's house thoroughly, going into every room, and also carefully examining the chimney; that the plaintiff informed Mr. Cary that she was wholly ignorant as to heating engineering, and inquired of him whether a coal-burning furnace could be purchased and installed which would heat the house as then constructed reasonably well, and particularly whether the chimney was so constructed as to create a sufficient draft for proper burning of coal; that she was informed by Cary that the chimney as then constructed would create a sufficient draft for the burning of coal properly in a furnace properly constructed and installed. Thereupon the plaintiff entered into a contract with the defendant by which the defendant agreed to sell the plaintiff a furnace of a type to be selected by Mr. Cary, acting for the defendant, and the defendant agreed to install such furnace, and furnish all necessary heating equipment, and remove the gas furnace; that the defendant warranted and guaranteed that such furnace after installation by it would heat the house as then constructed reasonably well, and the plaintiff agreed to convey to the defendant title to the gas furnace, and on completion of the installation, to pay the defendant the sum of $126; that pursuant to this contract the defendant selected and installed a coal-burning furnace, and removed the gas furnace, and the plaintiff conveyed to the defendant title to the gas furnace, and on completion of the installation of the coal-burning furnace paid the defendant on March 1, 1941, the agreed sum of $126.
It was further alleged in each count that the plaintiff, because of absence from her home, used the furnace only a few days in February and March of 1941, and did not undertake to use the furnace regularly until November 1941, and that on November 19, 1941, while the furnace was in operation her house became full of smoke *Page 372 
from the furnace, the smoke going everywhere except up the chimney where it should have gone if the furnace had performed as guaranteed and warranted by the defendant in its contract with the plaintiff; that the plaintiff immediately notified the defendant that the house was full of smoke from the furnace, and on the next day the defendant undertook to put the furnace in good condition, so that it would not smoke up the house, but would heat the house reasonably well, and when the agents of the defendant had finished the work they advised the plaintiff that the furnace was in good condition, and to put it in operation again; that the plaintiff followed this advice and again the house became completely filled with smoke from the furnace; that at least twelve times between November 19, 1941, and February 21, 1942, the defendant sent its agents to the plaintiff's house in an endeavor to make the furnace operate properly, and each time advised the plaintiff to use the furnace, and each time she did so the house became full of smoke from the furnace; that on or about February 21, 1942, the defendant informed the plaintiff that it did not know why the furnace would not operate, and that the defendant was unable to make the furnace operate properly. The plaintiff further alleged in each count, as amended, that by reason of the foregoing facts the defendant had breached its contract with the plaintiff, and that as the result of such breach the inside walls of the house, the rugs, and the blinds had been injured and damaged by smoke from the furnace to the extent of $241.70.
In count one of the petition, as amended, the plaintiff, after having alleged damage to walls, rugs, blinds, etc., in the sum of $241.70, alleged damage in the additional sum of $450 as being the difference between the reasonable value, namely $475, of the coal-burning furnace when installed in the basement of the plaintiff's house in accordance with her contract with the defendant, and the reasonable value of $25 of the furnace as installed by the defendant. The plaintiff further alleged that she was entitled to interest at the rate of 7% per annum from March 1, 1941.
In counts 2, 3, 4, and 5, after alleging the breach of the contract by the defendant in failing to install the coal-burning furnace so that it would heat the house reasonably well, and so that the smoke would go up the chimney and not fill the house, the plaintiff further alleged in each of these counts that in order to install a coal-burning *Page 373 
furnace so that it would heat her house reasonably well, it would be necessary to build a chimney through the center of the house, which would be expensive and would deprive the house of closet space, make it less desirable as a house to live in, and lessen its market value; or that it would be necessary to make an extensive excavation in the basement so as to place the furnace nearer the chimney, which would have to be torn down and rebuilt; that if such excavation were made new underpinning would have to be built, and even then the house might crack because much of the house rested on and was supported by hard earth where the excavation would have to be made; that the contract could not be performed without changing the construction of the house, which the plaintiff did not wish to do; that the furnace was located in the center of the basement of the house, and the chimney was along the side of the house approximately 20 feet from the furnace, and because of the construction of the chimney, which was designed for a gas furnace, and because of the distance between the chimney and the coal furnace, no draft was created sufficient to draw the smoke up through the chimney, and no coal-burning furnace would operate properly under existing conditions.
It was alleged in count 2 that the house would not be livable without heat, and that without any change in the construction of the house, it could be heated satisfactorily only by a gas furnace; that the necessary equipment and installation of a gas furnace would cost $300, and that the plaintiff is entitled to recover this sum less $25, the value of the coal furnace now in the house. The plaintiff also alleged that she was entitled to recover interest at the rate of 7% per annum from March 1, 1941. In count 2 the plaintiff alleged as her damage an amount representing $275, the difference between the alleged cost of the gas furnace and its installation, and the value of the coal furnace now in the house, and the damage from smoke to the walls of the house, rugs, blinds, etc., in the sum of $241.70.
In count 3, after alleging the breach of the contract as stated above and that the house as now constructed is not suitable for a coal-burning furnace, the plaintiff alleged that the coal furnace as installed by the defendant is wholly worthless, and that on removal from the house its market value would be $25. She alleged her damage in this count in the value of the gas furnace removed by the *Page 374 
defendant in the sum of $175, and $126 paid to the defendant of the contract, less $25, the value of the furnace now in the house and also alleged the right to recover interest at the rate of 7% per annum from March 1, 1941, plus the alleged damage to the walls rugs, blinds, etc., from smoke in the sum of $241.70.
In count 4, after alleging the breach of the contract, and that the house as now constructed is not suitable for a coal-burning furnace, the plaintiff alleged that the furnace as now installed in wholly worthless, and alleged damage, in addition to $241.70 due to the walls, rugs, etc., being smoked, in the sum of $500 as representing the difference between the market value of her house, with the coal-burning furnace installed in accordance with her contract with the defendant, to wit, $8500, and the fair market value of her house with the furnace as now installed by the defendant, to with $8000. She alleged also that she was entitled to interest at the rate of 7% from March 1, 1941.
In count 5, after alleging the breach of the contract as above indicated, with resulting damage from smoke in the sum of $241.70 and after alleging that the house as now constructed is not suitable to being heated by a coal-burning furnace, the plaintiff alleged that the furnace as now installed is totally worthless, and offered to return it to the defendant, and alleged that she is entitled to recover the amount which she paid in money, and the value of the gas furnace which she conveyed to the defendant, namely $301, together with interest at 7% on $542.70 from March 1, 1941.
The defendant filed a general demurrer to the petition on the ground that it failed to set out a cause of action, and on the further ground that the aggregate amount sued for in all the counts of the petition is in excess of $2500, the limit of the jurisdiction of the civil court of Fulton County; that the petition contained five duplicitous causes of action, and should be stricken for duplicity.
There are also certain special demurrers attacking the contract sued on, on the ground that it is indefinite, in that it fails to show the kind and the capacity of the furnace contemplated by the contract. There are also demurrers on the ground that each count is duplicitous, in that each states two causes of action. There is also a special demurrer on the ground that the allegation in each count that the inside walls of the house, the rugs, and blinds therein had been damaged by smoke from the furnace in the aggregate *Page 375 
amount of $241.70 failed to state what walls, blinds, and rugs had been injured, and failed to state the extent of the injury to each. There is also a demurrer to various paragraphs of the petition on the ground that each pleads evidence, and does not set forth facts necessary to state a cause of action. There is also a demurrer to each count on the ground of duplicity in joining a suit ex delicto with a suit ex contractu; also a demurrer on the ground that interest can not be recovered. There is a demurrer to the measure of damages set out in count 1 on the ground that the plaintiff asked for the cost of a new coal furnace, "whereas the legal measure of damage is the consideration paid for the alleged useless furnace." There is also a demurrer to the measure of damage in count 2 on the ground that the measure of damage set up the cost of a new gas furnace, "which is not the legal measure of the plaintiff's alleged loss." There is a demurrer to the measure of damage as set out in count 3, on the ground that it "does not constitute the legal measure of damages under the facts plead." There is a demurrer to the measure of damages as set out in count 4, on the ground that certain indicated paragraphs fail to set forth the legal measure of damages, and are immaterial, and fail as a matter of law to state a cause of action for the recovery of the amount therein stated. There is a demurrer to count 5, on the ground that an indicated paragraph "fails to set forth the legal measure of damage and is immaterial and should be stricken."
The court overruled all the demurrers. To the judgment overruling the demurrers the defendant excepted.
The petition in all its counts sets out one cause of action, in that it sets out the breach of one contract; but the counts differ in so far as they relate to the measure of damages for the breach. There can be a recovery on only one count. Each count alleges a measure of damage which is less than $1000, and is within the jurisdictional limit of the civil court of Fulton County, which is $2500. The petition is not subject to demurrer on the ground that the suit is for an amount beyond the jurisdiction of that court.
The contract as it appears in each count was that the defendant installed for the plaintiff in her house a coal-burning furnace for *Page 376 
heating the house, for which the plaintiff paid the defendant, and that the defendant breached the contract, in that the furnace which it installed would not operate satisfactorily, in that the smoke did not draw through the chimney, but was emitted throughout the house, to the plaintiff's damage in an amount alleged in each count. The petition in each count sets out a cause of action for the breach of the contract, and is good against general demurrer. Whether or not the true measure of damage is set out is immaterial. The correctness of the measure of damage can be reached only by special demurrer.
There is no merit in the special grounds of the demurrer that the petition does not allege more specifically the terms of the contract, the character of the furnace, etc. As alleged in the petition, the defendant was to install a coal-burning furnace for a certain consideration. The description of the furnace installed as being a coal-burning furnace is sufficient. There is no merit in the special demurrer to the effect that the allegations of the various counts of the petition as to damage to the walls of the plaintiff's house, and to rugs, etc., do not sufficiently show what walls, rugs, etc., were damaged. The allegation that the walls of the plaintiff's house and the rugs and blinds therein were damaged by the smoke from the furnace is sufficient. No count of the petition is subject to the demurrer that it is duplicitous and seeks a recovery ex contractu and ex delicto. The allegation as to the damage to the plaintiff's walls, rugs, etc., is damage arising ex contractu, and the other damage alleged by the plaintiff arises ex contractu. There is no merit in any of the grounds of the demurrer that the petition pleads evidence.
Count one states an incorrect measure of damages for the reason that the alleged cost of installing a coal-burning furnace in accordance with the contract is $475. As alleged, this amount includes the cost of another furnace, and does not refer to the mere installation, for the reason that credit is allowed the defendant for $25 for the furnace already installed. It is not alleged that the furnace installed is inherently defective. The only thing wrong is the installation. Under the first count the measure of damage is the cost of installing the furnace.
Count two does not state the true measure of damages.
Count three alleges a true measure of damages if a coal furnace *Page 377 
can not be reasonably installed in the house. This count alleges the damage to be $175, the value of the gas furnace surrendered, plus $126, less $25, the value of the coal furnace. Count three alleges a true measure of damages as far as it goes, to wit, the cost expended or surrendered by the plaintiff. The plaintiff would also be entitled to the reasonable cost of installing another gas furnace in the house. She does not pray for such damage, but this fact would not render her prayer, so far as it goes, subject to the demurrer.
Count four does not allege the true measure of damages, the value of the house with furnace properly installed and the value as it is now.
Count five does not state the true measure of damages, because the measure there is in terms of a rescission of the contract, and there are no facts alleged authorizing rescission, and the court can not force the defendant to take back the coal furnace.
Each count sets out a cause of action, and the petition is not subject to the objection that it seeks a recovery beyond the jurisdiction of the civil court of Fulton County. The court therefore properly overruled the general demurrer to the petition, but erred in overruling the special demurrers to those parts of counts 1, 2, 4, and 5, which went to the measure of damages. These defects can be cured by amendment.
Judgment reversed. Sutton and Felton, JJ., concur.